IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARY MURRAY,**

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:12-CV-67
　　　　　　　　　　　　　　　　　　　　　(JUDGE GROH)

**WELLS FARGO HOME MORTGAGE,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., SENECA TRUSTEES, LLC,
SAMUEL I. WHITE, P.C.,**

       Defendants.

## *ROSEBORO* NOTICE

On June 21, 2013, the above-named Defendants, Wells Fargo Home Mortgage and Mortgage Electronic Registration Systems, Inc., filed a Motion to Dismiss [Doc. 26] the *pro se* plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37(d)(1)(A) and 41(b). The Court notes that Plaintiff is proceeding *pro se*. The Court has a mandatory duty to advise Plaintiff of her right to file responsive material and to alert her to the fact that failure to so respond might result in the entry of an order of dismissal against her. ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in relevant part, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." **FED. R. CIV. P.**

**37(b)(2)(A)**. Federal Rule of Civil Procedure 41(b) allows dismissal of a Complaint where a plaintiff fails to prosecute his or her case or where a plaintiff fails to comply with a court order. See **FED. R. CIV. P. 41(b)**. Rule 41(b) provides that "[u]nless the dismissal order states otherwise . . . it operates as an adjudication on the merits." *Id.* In considering a Rule 41(b) motion to dismiss, district courts will consider four factors:

(1) the plaintiff's degree of personal responsibility;

(2) the amount of prejudice caused the defendant;

(3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effect of sanctions less drastic than dismissal.

See ***Hillig v. Comm'r of Internal Revenue***, 916 F.2d 171, 14 (4th Cir. 1990). District courts have also applied the four-prong test for dismissals under Rule 41(b) to dismissals under Rule 37. See ***Holtzapfel v. Ford Motor Co.***, Civil Action No. 5:06-cv-00591, 2007 WL 2277412, *1-2 (Aug. 6, 2007).

Therefore, within thirty (30) days of entry of this Order, Plaintiff shall file any opposition explaining why her case should not be dismissed. Plaintiff is further advised that she must serve Defendants with any response she files.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiff.

**DATED:** July 1, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE