# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**
**Clerk of Court**

**OFFICE OF THE CLERK OF COURT**
**POST OFFICE BOX 471**
**WHEELING, WEST VIRGINIA 26003**
**(304) 232-0011**
**Facsimile (304) 233-2185**

**Michelle Widmer-Eby**
**Chief Deputy Clerk**

September 29, 2021

Via U.S. Mail
Mary Murray
501 Sylvan Lane
Harpers Ferry, WV 25425

Via CM/ECF
Wells Fargo Home Mortgage and
Mortgage Electronic Registration Systems, Inc.
c/o Jeremy Cook Hodges
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street
Suite 1700
P O Box 11070
Columbia, SC 29211-1070

Via CM/ECF
Seneca Trustees, LLC and
Samuel I. White, P.C.
c/o Christopher R. Arthur
Samuel I White, PC
601 Morris Street, Suite 400
Charleston, WV 25301
and
Lora A. Dyer
Samuel I White, PC
601 Morris Street

| 500 West Pike Street, Room 301 | P.O. Box 1518 | 217 W. King Street, Room 102 |
| --- | --- | --- |
| Clarksburg, WV 26302 | Elkins, WV 26241 | Martinsburg, WV 25401 |
| (304) 622-8513 | (304) 636-1445 | (304) 267-8225 |

Suite 400
Charleston, WV 25301
and
W. Scott Campbell
601 Morris Street, Suite 400
Charleston, WV 25301

    In Re:  Murray v. Wells Fargo Home Mortgage, et al.
        Civil Action No.   3:12-cv-67

Dear Ms. Murray, Wells Fargo Home Mortgage, Mortgage Electronic Registration Systems, Inc., Seneca Trustees, LLC, and Samuel I. White, P.C.,

I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Wells Fargo. Her husband's ownership of stock neither affected nor impacted her decisions in this case, which was terminated after settlement upon entry of Stipulations of Dismissal. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond

to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **October 13, 2021**.   Any response will be considered by another judge of this court without the participation of Judge Groh.

Sincerely,

Cheryl Dean Riley,
Clerk of Court

500 West Pike Street, Room 301      P.O. Box 1518      217 W. King Street, Room 102
Clarksburg, WV 26302      Elkins, WV 26241      Martinsburg, WV 25401
(304) 622-8513      (304) 636-1445      (304) 267-8225